**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MICHAEL OLIVER GIBBS, aka Julio
Olivia Gealmoa,

            Petitioner - Appellant,

  v.

A. HEDGPETH, Warden, Salinas Valley
State Prison and MATTHEW CATE,
Secretary of the California Department of
Corrections and Rehabilitation,

            Respondents - Appellees.

No. 08-55472

D.C. No. 5:06-cv-01227-GPS-E

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Submitted July 16, 2010[**]
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: FARRIS and SILVERMAN, Circuit Judges, and ROBART, District Judge.[***]

Michael Gibbs, currently in state custody in California, appeals the district court's denial and dismissal of his Petition for habeas corpus. The court dismissed his pro se Petition because he had not filed a Reply on time. He argues that the district court erred in doing so. We agree.

The first issue is whether we have jurisdiction based on a properly filed notice of appeal. We do. Gibbs' August 30, 2007 filing[1] was both a motion for leave to file a late notice of appeal, and a properly filed notice of appeal.[2] *See Andrade v. Attorney General*, 270 F.3d 743, 752 (9th Cir. 2001), *rev'd on other grounds*, 538 U.S. 63 (2003). Gibbs specified who was taking the appeal, designated the judgment being appealed from, asked for a Certificate of Appealability, and specifically wrote on the Proof of Service by Mail that his filing constituted a "Notice of Appeal." The district court correctly granted the filing's

---

[***] The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

[1] A notice of appeal by an inmate confined in an institution is considered filed when deposited in the institution's internal mail system with proper postage. FED. R. CIV. P. 4(c)(1); *Andrade v. Attorney General*, 270 F.3d 743, 751 n.6 (9th Cir. 2001), *rev'd on other grounds*, 538 U.S. 63 (2003).

[2] For some unknown reason, this document was not entered into the district court docket sheet until August 6, 2009. It is now listed as Docket #39.

motion pursuant to Federal Rule of Appellate Procedure 4(a)(6), but failed to recognize the filing as a simultaneous notice of appeal. *See id.*; *Smith v. Barry*, 502 U.S. 244 (1992). Hedgpeth's opposing argument is that Gibbs did not serve a copy of the August 30 filing on Hedgpeth. But as Hedgpeth had adequate notice of the filing and did not oppose it, "failure to file a noticed motion under Rule 4(a)(6) should not constitute an independent ground for barring" the claim. *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995). As Gibbs' August 30 filing included a notice of appeal, we have jurisdiction to hear this case.

Gibbs next argues that the district court erred in dismissing his Petition for failure to prosecute under Federal Rule of Civil Procedure 41(b). He argues that there was no need for a Reply, there was no unreasonable delay in his failure to file a Reply, the court failed to consider less drastic remedies before dismissing the case, and less drastic remedies were particularly apt given his well-documented problems receiving mail in prison. Hedgpeth argues that the dismissal was proper because the court had made the Reply mandatory, Gibbs' claim was not exhausted or properly articulated, Gibbs should have known he would have problems receiving mail, and Hedgpeth was prejudiced by Gibbs' failure to file a Reply.

We generally review for an abuse of discretion Rule 41(b) dismissals for failure to prosecute, but "[i]f the magistrate judge did not engage in the preferred

3

practice of explicitly addressing the relevant factors when contemplating dismissal," as in this case, we "may review the record independently to determine if the district court abused its discretion." *Pagtalunan v. Galaza*, 291 F.3d 639, 640-41 (9th Cir. 2002).

It is well established that since Rule 41(b) dismissals "may severely punish a party not responsible for the alleged dereliction, the rule should only be invoked in extreme circumstances." *Indus. Bldg. Materials, Inc. v. Interchem. Corp.*, 437 F.2d 1336, 1338-39 (9th Cir. 1970). "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "[A]ggravated circumstances may make dismissal under 41(b) appropriate," but prior to Rule 41(b) dismissal, the district court must reasonably explore "possible and meaningful alternatives" to dismissal. *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1049, 1053-54 (9th Cir. 1971). "In addition, the district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

4

cases on their merits and (5) the availability of less drastic sanctions.'" *Omstead*, 594 F.3d at 1084 (citing *Henderson*, 779 F.2d at 1423).

In dismissing the case, the district court failed to conduct any analysis beyond determining that a Reply was overdue. The case was less than five months old and the Reply less than two months overdue. The docket demonstrated that mail to Gibbs had already been returned as undeliverable. On our independent review, we conclude that although there was delay, there was no unreasonable delay. *See Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981).

The district court also failed to consider, as it must, less drastic alternatives to dismissal. On our independent review and without the benefit of specific findings by the district court, we are persuaded that there were possible and meaningful alternatives to dismissal that should have been reasonably explored by the court. *Von Poppenheim*, 442 F.2d at 1054. The court could have reminded Gibbs, proceeding pro se, of his duty to file the then non-optional Reply, or warned him of the possibility of dismissal. Seeing in the docket sheet that mail had already been returned as undeliverable, the court could also have waited to see if its previous mailings would come back undeliverable (as many later did), or worked with the clerk to remedy the problems sending Gibbs his mail. Though the court was not obliged to exhaust every possible alternative, the court should have, in the

5

exercise of its discretion, considered which alternatives were reasonably appropriate and explored them, "bearing in mind the drastic foreclosure of rights that dismissal effects." *Id.*

As there was no unreasonable delay and the district court failed to explore less drastic alternatives, we conclude, after our independent review, that it was an abuse of discretion to deny Gibbs' Petition and dismiss his case. At the same time as the district court was processing the dismissal, Gibbs sent in an Amended Petition with apparently exhausted claims, a motion for more time to file his Reply, and a request for a stay and abeyance. On remand, after Gibbs is given an opportunity to submit such documents, the district court will consider these issues.

The denial of Gibbs' Petition and the dismissal of his case are REVERSED, and the case REMANDED for further proceedings.

**REVERSED and REMANDED.**