**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ASIL MASHIRI,
        *Plaintiff-Appellant*,

v.

DEPARTMENT OF EDUCATION;
DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES; ARNE DUNCAN;
WILLIAM J. TAGGART; JANET A.
NAPOLITANO; MICHAEL AYTES;
F. GERARD HEINAUER,
        *Defendants-Appellees*.

No. 10-56022

D.C. No.
3:09-cv-01877-
WQH-AJB

ORDER AND
AMENDED OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted
November 8, 2012—Pasadena, California

Filed March 14, 2013
Amended May 30, 2013

Before: Alfred T. Goodwin and Diarmuid F. O'Scannlain, Circuit Judges, and Jack Zouhary, District Judge.[*]

Order;
Per Curiam Opinion

## SUMMARY[**]

## Immigration

The panel ordered amended its original March 14, 2013 opinion, published at 709 F.3d 1299, in immigrant Asil Mashiri's appeal of the district court's denial of his mandamus petition seeking to compel the Department of Education to issue him a Stafford Loan.

In the original and amended opinions, the panel affirmed the denial of mandamus, holding that although Mashiri's petition fell within the scope of the sue-and-be-sued clause in 20 U.S.C. § 1082(a)(2), the anti-injunction clause in that subsection barred his suit for declaratory relief. In the amended opinion, the panel deleted a paragraph stating that Mashiri's asylum application would not show that he was in the United States for a non-temporary purpose as required by 20 U.S.C. § 1091(a)(5). The panel replaced the deleted text with a statement that the panel would not address whether an

---

[*] The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

alien who properly demonstrates that he is an asylum applicant is eligible for a Federal Family Education Loan Program loan, because Mashiri did not properly raise his argument that his asylum application demonstrated eligibility for a loan.

## COUNSEL

Asil Mashiri, pro se, San Diego, California, for Plaintiff-Appellant.

Raven M. Norris, Assistant U.S. Attorney, San Diego, California, for Defendants-Appellees.

## ORDER

The opinion filed March 14, 2013, and appearing at 709 F.3d 1299, is amended as follows:

On Opinion page 1304, delete the following text:

[But even so, Mashiri's asylum application would not show that he was in the U.S. for a non-temporary purpose, as § 1091(a)(5) requires. Ninth Circuit case law states:

> The status of asylum applicants and its duration can hardly be described as fixed, or permanent . . . . [T]hey are best described as inchoate . . . .

> . . . . A residence is temporary when the
> alien's continued presence is solely dependent
> upon the possibility of having his application
> for asylum acted upon favorably. Aliens who
> have official authorization to remain
> indefinitely until their status changes reside
> permanently; *asylum applicants who merely
> participate in a process that gives rise to the
> possibility of such an authorization reside
> temporarily . . . .*

*Sudomir v. McMahon*, 767 F.2d 1456, 1462 (9th Cir. 1985)
(emphasis added) (footnote omitted).]

On Opinion page 1304, replace the deleted text with the
following text:

[Because Mashiri did not properly raise his argument that
his asylum application demonstrates his eligibility for FFELP
loans, we do not address whether an alien who properly
demonstrates that he is an asylum applicant is eligible for
such loans.]

With the opinion thus amended, the panel has voted
unanimously to deny the petition for rehearing. Judge
O'Scannlain has voted to deny the petition for rehearing en
banc, and Judges Goodwin and Zouhary recommended
denial.

The full court has been advised of the petition for
rehearing en banc and no active judge has requested a vote on
whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing is DENIED and the petition for rehearing en banc is DENIED.

No future petitions for panel rehearing or rehearing en banc will be entertained.

---

**OPINION**

PER CURIAM:

Asil Mashiri appeals the district court's denial of his mandamus petition, in which he sought to compel the Department of Education (the "DOE" or "Department") to issue him a Stafford Loan. We affirm.

Mashiri immigrated to the United States from Germany with his mother, his father, and his brother. *See Mashiri v. Ashcroft*, 383 F.3d 1112 (9th Cir. 2004). The family, originally from Afghanistan, sought asylum based on the alleged failure of the German government to protect them from anti-foreigner violence in Germany. *See id.* at 1115–18. After Mashiri's mother obtained asylum, the Immigration Judge ("IJ") assigned to hear Mashiri's separate asylum case terminated those proceedings and directed him to file a derivative asylum application based on his mother's approval. On October 5, 2007, he did so.[1]

While Mashiri's immigration status was still pending, he obtained valid employment authorization, graduated from the

---

[1] Mashiri's derivative asylum application was ultimately granted in November 2009, and Mashiri obtained federal student loans after his first year of law school.

University of California, San Diego, and submitted an application to Thomas Jefferson School of Law ("TJSL"). After TJSL accepted him, Mashiri filed a Free Application for Federal Student Aid ("FAFSA") and requested a Stafford Loan to pay his tuition. But after Mashiri's immigration documents were reviewed, TJSL declined to find him eligible for any form of federal student aid, and he was therefore unable to obtain a Stafford Loan.

TJSL insisted upon payment of the tuition, and Mashiri obtained a private student loan for the first year of school. But he continued to believe that he should have received a Stafford Loan. He therefore filed the present petition against the DOE and the Secretary of Education (the "Secretary").

## I. DISCUSSION

### A. LEGAL STANDARDS

Subject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists. *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012). Where, as here, the government "object[s] that . . . [the] court lacks subject-matter jurisdiction," that objection "may be raised . . . at any stage in the litigation." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012).

## B.  APPLICATION

### 1.  20 U.S.C. § 1082

One potential basis for subject matter jurisdiction is 20 U.S.C. § 1082(a).  The district court relied on this section in determining that it had jurisdiction. Section 1082(a) provides that:

> In the performance of, and with respect to, the functions, powers, and duties, vested in him [related to the Federal Family Education Loan Program] the Secretary [of Education] may–
> . . . .
>
> (2) *sue and be sued . . . in any district court of the United States*, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy . . . . but *no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary* or property under the Secretary's control . . . .

20 U.S.C. § 1082 (emphasis added).

The statute's "sue-and-be-sued clause" is significant here. Neither Mashiri nor the government cites a Ninth Circuit case directly holding that the clause confers subject matter jurisdiction, but we are satisfied that the Eleventh Circuit correctly followed Supreme Court precedent in *Bartels v. Alabama Commercial College, Inc.*, 54 F.3d 702, 706–07 (11th Cir. 1995).  *Bartels* held that because § 1082(a)(2)

specifically mentions the federal courts, it confers federal subject matter jurisdiction in cases where, as here, the claims "involv[e] the Secretary's administration" of the Federal Family Education Loan Program ("FFELP"). 54 F.3d at 707 (citing *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 255 (1992)). Thus, Mashiri's mandamus petition falls within the scope of the sue-and-be-sued clause in § 1082(a)(2).

Notwithstanding the sue-and-be-sued clause, however, § 1082(a)(2)'s separate "anti-injunction clause," derived from federal sovereign immunity, presents the question whether it applies to Mashiri's mandamus petition. We have previously concluded that certain suits for declaratory relief against the Secretary are barred by the anti-injunction clause, *see Am. Ass'n of Cosmetology Schs. v. Riley*, 170 F.3d 1250, 1253–55 (9th Cir. 1999). We cannot rely on § 1082 to provide jurisdiction in this case.

### 2. The Larson-Dugan Exception to Sovereign Immunity

Mashiri also contends jurisdiction is proper under the mandamus statute, 28 U.S.C. § 1361. We have stated that, in general, "the bar of sovereign immunity" applies to mandamus petitions. *See Smith v. Grimm*, 534 F.2d 1346, 1352 n.9 (9th Cir. 1976). In these circumstances, the only potential support for Mashiri's claim to jurisdiction is the Supreme Court's *Larson-Dugan* exception to sovereign immunity. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), explains that:

> There may be, of course, suits for specific relief against officers of the sovereign which are not suits against the sovereign . . . .

> [W]here the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden. His actions are ultra vires his authority and therefore may be made the object of specific relief.

337 U.S. at 689; *see also Dugan v. Rank*, 372 U.S. 609 (1963); *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996) (if "a plaintiff seeks a writ of mandamus to force a public official to perform a duty imposed upon him in his official capacity . . . no . . . waiver of sovereign immunity is needed"); *Washington v. Udall*, 417 F.2d 1310, 1315–17 (9th Cir. 1969), *superseded by statute on other grounds as stated in EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1085 (9th Cir. 2010) (discussing *Larson* and *Dugan*).

Here, there is no dispute that the Secretary's powers over the FFELP are "limited by statute." *Larson*, 337 U.S. at 689. And Mashiri's petition challenges the end result of the FFELP's eligibility process by arguing that he is, in fact, statutorily eligible for a federal Stafford Loan. In similar circumstances, where merits questions were directly relevant to the government's asserted "duty to the plaintiff," the D.C. Circuit reasoned that the question of "[w]hether the *Larson-Dugan* exception" applied "merge[d] with the question on the merits." *Wash. Legal*, 89 F.3d at 901–02. The court then turned to address the substantive merits of the mandamus claim before it. *Id.* We do likewise.

### 3.  The Merits of Mashiri's Petition

On the merits, two separate statutes govern Mashiri's eligibility for a federal student loan: 8 U.S.C. § 1611, and 20 U.S.C. § 1091(a)(5).    Neither establishes a "clear nondiscretionary duty" to Mashiri.  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

### A.  8 U.S.C. § 1611

8 U.S.C. § 1611 provides that only certain eligible aliens may receive government-funded loans and other federal public benefits.  *See* 8 U.S.C. §§ 1611(a), 1611(c)(1)(A). 8 U.S.C. § 1641(b) sets forth specific alien eligibility limitations, and permits only legal permanent residents and other limited classes of aliens to participate in § 1611's public benefits.  Mashiri conceded at oral argument that he did not fall within any of the classes of aliens described in § 1641(b), and we agree.    But that leaves Mashiri to rely on the eligibility requirements in 20 U.S.C. § 1091(a)(5), and he cannot show eligibility under that statute, either.

### B.  20 U.S.C. § 1091

20 U.S.C. § 1091 provides that:

> (a) . . . In order to receive [any FFELP loan] . . . a student must–
>
> . . . .
>
> (5) be a citizen or national of the United States, a permanent resident of the United States, or able to provide *evidence from the*

*Immigration and Naturalization Service* that he or she is in the United States for *other than a temporary purpose* with the intention of becoming a citizen or permanent resident . . . .

20 U.S.C. §§ 1091(a), 1091(a)(5) (emphasis added); *see also* 34 C.F.R. § 668.33(a)(2)(ii).

Even if this statute precluded the application of 8 U.S.C. § 1641, none of the documents Mashiri provided during the eligibility verification process could conceivably show the statute's required non-temporary purpose.

The first document Mashiri submitted, a Ninth Circuit order regarding his mother's asylum case, does not speak to Mashiri's immigration status or non-temporary purpose because, as he concedes, he and his mother filed separate asylum applications. The second document Mashiri submitted, a Ninth Circuit judgment remanding Mashiri's application to the Board of Immigration Appeals, would at most suggest that his asylum case required further proceedings in the immigration court. The third document Mashiri submitted, an IJ's order terminating Mashiri's separate asylum proceedings, similarly fails to satisfy the statute. Even if the document is combined with Mashiri's assertion that the IJ directed him to file a derivative application, the circumstances at most indicate that a further asylum case would be pursued. On its face, the order neither confers legal status nor shows that Mashiri was in the United States for a non-temporary purpose.

And the fourth document Mashiri submitted, his employment authorization document, was obtained during the pendency of his asylum application, *see* 8 C.F.R.

§ 274a.12(c), and was only temporary in nature. *See Guevara v. Holder*, 649 F.3d 1086, 1091–92 & n.4 (9th Cir. 2011). That document did not itself confer any legal status or render Mashiri legally admitted—much less constitute evidence that he was in the United States for other than a temporary purpose, as § 1091(a)(5) requires. *See id.* at 1092–93; *Garcia v. Holder*, 659 F.3d 1261, 1271 (9th Cir. 2011); *Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1103 (9th Cir. 2011); *United States v. Bazargan*, 992 F.2d 844, 848 (8th Cir. 1993).

For the first time on appeal, Mashiri argues that he also submitted a copy of his then-pending asylum application to TJSL. This court generally "will not consider" arguments or allegations "that are raised for the first time on appeal." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). Because Mashiri did not properly raise his argument that his asylum application demonstrates his eligibility for FFELP loans, we do not address whether an alien who properly demonstrates that he is an asylum applicant is eligible for such loans.

## II. CONCLUSION

The jurisdictional question merges with the merits in these circumstances. *See Wash. Legal*, 89 F.3d at 901–02. When Mashiri's Stafford Loan eligibility was reviewed, he did not provide any evidence from the INS or USCIS that he was "in the United States for other than a temporary purpose." 20 U.S.C. § 1091(a)(5); 34 C.F.R. § 668.33(a)(2)(ii). The district court therefore correctly dismissed Mashiri's petition on the merits.

**AFFIRMED.**