**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMY VALENCIA, | No. 12-16044 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-06177-JW |
| v. | |
| SHARP ELECTRONICS CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted February 13, 2014[**]
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and HELLERSTEIN, Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

This is an employment case wherein the plaintiff/appellant, Jeremy Valencia ("Valencia"), alleges that his former employer, Sharp Electronics Corporation ("Sharp"), wrongfully terminated him based on his physical disability. Valencia also alleges that Sharp and Rosemary Ferreira ("Ferreira"),[1] along with unknown persons ("Does 1-1000"), committed fraud by false promise against him by inducing him to accept employment with Sharp under the false belief that he would not be discriminated against if he became disabled. Valencia originally filed in state court, and Sharp removed to federal court. The district court twice denied Valencia's request to remand as improper in form and ultimately dismissed the action for failure to prosecute. Valencia argues that the presence of Ferreira, a non-diverse defendant who was a Human Resources professional employed by Sharp, made removal improper.

We find that the district court's exercise of diversity jurisdiction was proper because Valencia clearly failed to state a cause of action against the sole non-diverse defendant. In addition, Valencia has failed to show that the district court

---

[1]     We note that Ms. Ferreira's name is spelled in a variety of ways in the pleadings; the district court's docket shows the name as "Ferriera." For the sake of consistency, we refer to her herein as "Ferreira."

abused its discretion in dismissing the action for failure to prosecute.  Accordingly, we affirm.[2]

## II.

Although Valencia did not properly preserve his objection to Sharp's removal and the district court's exercise of diversity jurisdiction,[3] "[s]ubject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013) (per curiam).

A party is considered fraudulently joined for purposes of defeating jurisdiction where the complaint clearly fails to allege a state law claim against that defendant.  *See Hunter v. Philip Morris*, 582 F.3d 1039, 1044 (9th Cir. 2009) (improper joinder may be established in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.").  The Ninth Circuit has explained that "[i]t is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313,

---

[2]     Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

[3]     We also note that Valencia did not oppose the motion to dismiss count II, nor did he file a motion for reconsideration.

1318 (9th Cir. 1998). Here, in reviewing de novo (*Indep. Training and Apprenticeship Program v. Cal. Dep't of Indus. Relations*, 730 F.3d 1024, 1031 (9th Cir. 2013)), we find that Ferreira was fraudulently joined, as we explain below, because it is clear that the claim of fraud by false promise against her was not adequately pled.

Under both federal and California law, elements of fraud must be pled with specificity, including "'the who, what, when, where, and how' of the misconduct charged" so as to put the defendant on notice of the charges against which he must defend. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). For allegations of fraud by false promise, the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.*; *see also Hills Transp. Co. v. Sw. Forest Indus., Inc.,* 266 Cal. App. 2d 702, 707, 72 Cal. Rptr. 441 (Cal. Ct. App. 1968) (California law disfavors fraud actions because they "involve a serious attack on character" and therefore they must be pled with particularity to put the defendant on notice "of what he is called on to answer."). In addition, "the policy of liberal construction of the pleadings will not ordinarily be invoked to sustain a pleading defective in any material respect." *Hills Transp.*, 266 Cal. App. at 707.

In California, the elements of promissory fraud are:

4

(1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent not to perform at the time the promise was made; (3) intent to deceive or induce the promisee to enter into a transaction; (4) reasonable reliance by the promisee; (5) nonperformance by the party making the promise; and (6) resulting damage to the promise[e].

*Rossberg v. Bank of Am.*, 219 Cal. App. 4th 1481, 1498, 162 Cal. Rptr. 3d 525, 539 (Cal. Ct. App. 2013) (internal citations omitted). As to the intent elements, "the allegations necessary to show contemporaneous intention not to perform should be clear, specific and unequivocal," thereby differentiating the false promise from a mere broken promise. *Hills Transp.*, 266 Cal. App. 2d at 708. Along those lines, the complaint usually must at least plead the date and method by which the promise was delivered. *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1060-61, 141 Cal. Rptr. 3d 142 (Cal. Ct. App. 2012).

In this case Valencia did not offer those bare factual assertions. Although the complaint asserted that the representation of non-discrimination was false and that defendants did not intend to honor that representation, the complaint did not state how the alleged promise was made, or the form it took, nor did it state that Valencia would not have accepted employment absent the promise. In addition, Valencia failed to provide any facts that would support an allegation that Ferreira was in any way involved in his hiring or that she made any representations at that

5

time regarding California's disability laws. There are no allegations that Ferreira intended that Valencia rely on those representations, intended to break them, or intended that he suffer the alleged damages of "chagrin and humiliation," which are ephemeral and non-specific. Accordingly, the complaint clearly fails to state a claim of fraud against Ferreira.

In addition, "[t]he [California] Supreme Court has made clear that liability for discrimination extends only to the employer, and not to individual employees." *Leek v. Cooper*, 194 Cal. App. 4th 399, 409, 125 Cal.Rptr.3d 56, 63 (Cal. Ct. App. 2011).[4] Thus, even if the complaint contained specific allegations regarding Ferreira's role, she could not be sued individually.

The district court properly determined that Valencia clearly failed to state a cause of action in count II. Therefore, Ferreira was fraudulently joined and the district court was not required to consider Ferreira's citizenship for purposes of diversity jurisdiction. *Hunter*, 582 F.3d at 1042. Accordingly, the district court's exercise of jurisdiction, and its dismissal of count II for failure to state a claim, was proper.

---

[4] *But see Macey v. Allstate*, 220 F. Supp. 2d 1116, 1120-21 (N.D. Cal. 2002) (In the limited context of an insurance carrier's third party agent, the modern trend in California courts is to extend personal liability to that agent even when they are acting within the scope of their agency).

## III.

A district court's decision to dismiss for failure to prosecute is reviewed for abuse of discretion. *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010). In making a determination whether to dismiss for failure to prosecute, the district court must consider five issues: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* (internal citations omitted). Where, as here, the district court does not make explicit findings on each factor, the appeals court independently reviews the record to determine whether the district court abused its discretion. *Id.*

Here, the district court twice informed Valencia's attorney that his request for remand did not comply with the local rules, and specifically directed him to the local rules pertaining to motions practice. However, Valencia repeatedly demonstrated an unwillingness to pursue the litigation overall and to appear before the district court. In addition, the public's interest in expeditious resolution of litigation would not be served by allowing the suit to continue in a quagmire of inaction. Moreover, there was no prejudice to the defendant because the district court dismissed without prejudice. Further, given the complete failure of

7

Valencia's attorney to respond to the court's directions, there were no less drastic measures available. Accordingly, despite the public policy favoring adjudication on the merits, the other four factors weighed heavily in favor of dismissal, and the district court's actions were not an abuse of discretion.

Therefore, we affirm the district court's dismissal of count I for failure to prosecute.

## IV.

Since Valencia's sole count against the sole non-diverse defendant, Ferreira, clearly failed to state a claim against her, her joinder was fraudulent, and the exercise of diversity jurisdiction was proper. In addition, given Valencia's repeated failures to avail himself of the opportunities afforded by the district court, the district court's dismissal of the action for failure to prosecute under Federal Rule of Civil Procedure 41(b) was not an abuse of discretion.

Accordingly, the district court's exercise of diversity jurisdiction, its dismissal of count II of the complaint for failure to state a claim, and its subsequent dismissal of count I of the complaint for failure to prosecute, are **AFFIRMED**.