**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EASON LAND CO., LLC, an Oregon limited liability company; JESSE D. WHITE; PAMELA J. WHITE, husband and wife, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR, Secretary; BUREAU OF LAND MANAGEMENT, Director; DISTRICT MANAGER FOR THE VALE DISTRICT OF THE BUREAU OF LAND MANAGEMENT; FIELD MANAGER FOR THE JORDAN FIELD OFFICE, VALE DISTRICT OF THE BUREAU OF LAND MANAGEMENT; OREGON STATE DIRECTOR OF THE BUREAU OF LAND MANAGEMENT, <br><br> Defendants-Appellees. | No.   15-35641 <br><br> D.C. No. 2:14-cv-00951-SU <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted June 6, 2017
Portland, Oregon

---

  [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GOULD and RAWLINSON, Circuit Judges, and BURNS,[**] District Judge.

Eason Land Co., LLC, Jesse White, and Pamela White (collectively, the "Whites") appeal the district court's dismissal of their claims against the Secretary of the Department of the Interior and officials of the Bureau of Land Management (collectively, "BLM"). The Whites asked the district court to compel the BLM to comply with the terms of its 2008 Final Decision, and "order the BLM to immediately remove and retrofit all water projects implicated in the Final Decision or, alternatively, to grant Plaintiffs trade-of-use [animal unit months (AUMs)] in proportion to the amount of water still being stored in BLM's reservoirs" until the BLM complies with the precise terms of the Final Decision. The Whites brought claims under § 706(1) of the Administrative Procedure Act (APA), 5 U.S.C. § 706(1); the Declaratory Judgement Act (DJA), 28 U.S.C. § 2201; and the mandamus statute, 28 U.S.C. § 1361.

The district court dismissed the mandamus and DJA claims for lack of jurisdiction because there was no waiver of sovereign immunity. It dismissed the § 706(1) claim for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We affirm, but conclude that the district court should have dismissed all

_____

[**]     The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

2

three claims for lack of subject matter jurisdiction.

**1.** Section 706(1) of the APA grants a cause of action to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). For a claim to proceed under § 706(1), the plaintiff must "assert[] that an agency failed to take a *discrete* agency action that it is *required* to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (hereinafter *SUWA*). "Absent such an assertion," the "claim may be dismissed for lack of jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1019–20 (9th Cir. 2007).

The Whites do not challenge the substance of the Final Decision. Instead, they challenge the BLM's implementation of that decision. The actions that an agency takes to implement a decision are not, themselves, agency actions within the meaning of § 706(1) of the APA. *See San Luis Unit Food Producers v. United States*, 709 F.3d 798, 803 (9th Cir. 2013).

Also, what the Whites seek to compel is not legally required. The court's power to compel agency action under § 706(1) is limited "to situations where an agency has ignored a specific legislative command." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010). The Whites do not identify any statute or regulation that requires the BLM to grant them additional AUMs. *See SUWA*, 542 U.S. at 65. Nor do they point to any statute or regulation mandating that the BLM reduce the number of AUMs in the 1973 Agreement in

proportion to the number of reservoirs the BLM retrofits or abandons. Because the Whites do not challenge a failure to take or unreasonably delay a discrete agency action that is legally compelled, the district court did not have subject matter jurisdiction over their § 706(1) claim.

**2.** We also affirm the district court's dismissal of the Whites' DJA claim for lack of subject matter jurisdiction. The DJA "does not by itself confer federal subject-matter jurisdiction," so a plaintiff seeking a declaratory judgment must "plead an independent basis for federal jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). Because the Whites rely on their § 706(1) claim to support their DJA claim, we dismiss the DJA claim for lack of jurisdiction.

**3.** We affirm the district court's dismissal of the Whites' claim for mandamus relief for lack of subject matter jurisdiction as well. The mandamus statute does not waive the United States's sovereign immunity. *See Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013). Here, there is no "clear, ministerial duty to act," so the acts of the BLM officers are "imputed to the United States and are subject to sovereign immunity to the same extent as the claims against the United States." *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 648 (9th Cir. 1998). The United States has not waived its sovereign immunity. The Whites have not argued that an exception to sovereign immunity

4

applies. There is no subject matter jurisdiction for this claim. *See Alvarado*, 509 F.3d at 1015–16.

4. The district court did not err by relying on evidence beyond the pleadings without converting the motion to dismiss into a motion for summary judgment. The district court properly considered this evidence when determining standing and ripeness, which are jurisdictional. *See Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). The district court also did not err in considering the final Environmental Assessment when it determined that the Whites failed to state a claim. The Whites attached the draft Assessment to their complaint and the quoted part of the final Assessment is the same as the draft. *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013).

5. The district court did not abuse its discretion in denying the Whites leave to amend their complaint. The proposed amendment did not cure the jurisdictional defects of the original complaint and was futile. *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1141, 1144 (9th Cir. 2015).

**AFFIRMED.**