**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL OMSTEAD; MELISSA
MALLOY; LISA SMITH, individually
and on behalf of all others
similarly situated,
            *Plaintiffs-Appellants,*

            v.

DELL, INC.,
            *Defendant-Appellee.*

No. 08-16479

D.C. No.
3:06-CV-06293-PJH

OPINION

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted
October 7, 2009—San Francisco, California

Filed February 5, 2010

Before: Mary M. Schroeder and Marsha S. Berzon,
Circuit Judges, and Lyle E. Strom,* District Judge.

Opinion by Judge Strom

---

*The Honorable Lyle E. Strom, Senior United States District Judge for
the District of Nebraska, sitting by designation.

---

**COUNSEL**

Jonathan D. Selbin (argued) and Kristen E. Law, Lieff, Cabraser, Heimann & Bernstein, LLP, New York, New York; Cynthia B. Chapman and Cory S. Fein, Caddell & Chapman, Houston, Texas; John L. Malesovas, Malesovas & Martin, LLP, Waco, Texas; Anthony L. Vitullo, Fee, Smith, Sharp & Vitullo, LLP, Dallas, Texas; and Paul R. Kiesel and Patrick DeBlase, Beverly Hills, California, for the plaintiffs-appellants.

Paul Schlaud (argued), Kim E. Brightwell, and Matt Frederick, Reeves & Brightwell, LLP, Austin, Texas; Douglas R. Young and C. Brandon Wisoff, San Francisco, California, for the defendant-appellee.

---

**OPINION**

STROM, District Judge:

Plaintiffs-appellants, Michael Omstead, Melissa Malloy, and Lisa Smith (collectively, "plaintiffs"), brought a proposed class action[1] against Dell, Inc. ("Dell"), asserting various

---

[1]The proposed class consists, with limited exclusions, of "[a]ll individuals and entities in the State of California who own or have owned any one or more of the following Dell Inspiron notebook computer models: 1100, 1150, 5100, or 5160."

claims under California state law predicated on the allegation that Dell designed, manufactured, and sold defective notebook computers. The district court granted Dell's motion to stay proceedings and compel arbitration. Plaintiffs refused to comply with the arbitration order, and the district court dismissed the action for failure to prosecute. Plaintiffs appeal the dismissal and the underlying arbitration order. We REVERSE.

## I.  BACKGROUND

Between July 2004 and January 2005 plaintiffs purchased notebook computers for $1200 to $1500 through Dell's website. At the time of purchase, plaintiffs were required to accept a written agreement titled "U.S. Terms and Conditions of Sale" (the "Agreement"). The Agreement contained the following provisions relevant to this appeal:

. . . .

11 Governing Law.

THIS AGREEMENT AND ANY SALES THERE UNDER SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS, WITHOUT REGARD TO CONFLICTS OF LAWS RULES.

. . . .

13 Binding Arbitration.

ANY CLAIM, DISPUTE, OR CONTROVERSY . . . BETWEEN CUSTOMER AND DELL . . . SHALL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION ADMINISTERED BY THE NATIONAL ARBITRATION FORUM (NAF) . . . . NEITHER CUSTOMER NOR DELL SHALL BE ENTITLED TO JOIN OR CONSOLI-

DATE CLAIMS BY OR AGAINST OTHER CUS-
TOMERS, OR ARBITRATE ANY CLAIM AS A
REPRESENTATIVE OR CLASS ACTION . . . .

Dell moved to stay proceedings and compel individual arbitration pursuant to the Agreement, and the district court granted the motion. Plaintiffs moved for reconsideration of the arbitration order; the district court denied reconsideration and directed the parties to file a joint status statement describing the status of their arbitration proceedings.

In the joint status statement, plaintiffs stipulated that they would not arbitrate their claims individually because it was not economically feasible for them to do so, and because the arbitration forum mandated by the Agreement was "blatantly biased" against consumers. Plaintiffs requested the district court enter a final order that would allow them to appeal the arbitration order. Plaintiffs further clarified: "Plaintiffs are not refusing to prosecute their claims; they are only refusing to arbitrate them in a manner which . . . would be futile." Dell opposed plaintiffs' request and argued the only final judgment that would be appropriate under the circumstances would be a dismissal for failure to prosecute. The district court directed further briefing on the issue of whether the action should be dismissed, and if so, on what grounds.

Plaintiffs' supplemental brief restated their position that they were not refusing to prosecute their claims but were in a "procedural bind" because they could not afford to arbitrate their claims individually, and the arbitration order was not an appealable order. Plaintiffs identified two alternatives to dismissal: (1) stay the action pending this Court's ruling in *Oestreicher v. Alienware Corp.*, *infra*, which at that time, was fully briefed and before the Court, or (2) certify the issue for interlocutory review. Dell opposed these alternatives and again argued for a dismissal for failure to prosecute. On May 21, 2008, the district court dismissed the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## II. STANDARD OF REVIEW

We review a dismissal for failure to prosecute for abuse of discretion. *Ash v. Cvetkov,* 739 F.2d 493, 495 (9th Cir. 1984). We review a district court's order compelling arbitration de novo. *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007).

## III. DISCUSSION

*A.  The District Court Abused Its Discretion When It Dismissed Plaintiffs' Action for Failure to Prosecute.*

**[1]** Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A Rule 41(b) dismissal "must be supported by a showing of unreasonable delay." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In addition, the district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.* Where, as here, the district court does not make explicit findings on each factor, we independently review the record to determine whether the district court abused its discretion. *Id.* at 1424.

**[2]** In this case, the district court abused its discretion when it dismissed plaintiffs' action for failure to prosecute. Plaintiffs did not cause any unreasonable delay in the progression of their case below. Upon review of the record, there were only two possible instances of delay: (1) plaintiffs waiting five months to file a motion for reconsideration of the district court's arbitration order, and (2) plaintiffs waiting two months to file the parties' joint status statement after being

ordered to do so by the district court. Neither instance supports a Rule 41(b) dismissal. The motion for reconsideration was properly filed under the Northern District of California's local rules, *see* Civil L.R. 7-9(a), and the joint status statement was timely under the deadlines set by the district court and simply reiterated positions that were well-known to the parties and the district court. Further, the factors used in evaluating a Rule 41(b) dismissal favor plaintiffs. The record does not support a finding that plaintiffs' actions placed unwarranted stress on the district court's docket or prejudiced Dell. The public's interest in a resolution on the merits weighed strongly in plaintiffs' favor, and less drastic and more appropriate alternatives were available.

Plaintiffs sufficiently communicated to Dell and the district court that they wanted to prosecute their claims on a class-wide basis, they believed the district court's arbitration order was fatal to their action, and they wanted the district court to enter an order that would permit appellate review of the arbitration issue. Not only was the district court's Rule 41(b) dismissal unsupported by the facts of this case, it also failed to accomplish plaintiffs' requested result because under our law, an appeal from a Rule 41(b) dismissal does not permit review of interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996).

Plaintiffs were not certain how they could procedurally obtain appellate review of the arbitration order while maintaining consistency with circuit law, given the then pending appeal from *Oestreicher v. Alienware Corp.*, 502 F. Supp. 2d 1061 (N.D. Cal. 2007) (*Oestreicher I*), which presented similar issues. The appropriate order would have been a voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(2). We agree with the First Circuit's reasoning in *John's Insulation, Inc. v. L. Addison and Associates, Inc.*, that "a plaintiff that deems an interlocutory ruling to be so prejudicial as to deserve immediate review . . . has the alternative of dismissing the complaint voluntarily [with prejudice]." 156

F.3d 101, 107 (1st Cir. 1998). As *John's Insulation* noted, such a tactic is risky: "Plaintiffs pursuing such an avenue of appeal risk forfeiting their potentially meritorious claims . . . because the appellate court could affirm the dismissal." *Id.* Plaintiffs have demonstrated their understanding and acceptance of the risks involved.

**[3]** To avoid a useless remand for entry of a modified judgment, we will construe the district court's Rule 41(b) dismissal as a Rule 41(a)(2) voluntary dismissal with prejudice and consider the underlying issue in this case, which is whether the case should have been ordered to arbitration.

*B.   The District Court Erred When It Granted Dell's Motion to Stay Proceedings and Compel Arbitration.*

**[4]** Under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, a written arbitration provision is valid and enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Generally applicable contract defenses, such as unconscionability, may render an arbitration provision unenforceable. *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 981 (9th Cir. 2007). Whether an arbitration provision is unconscionable is governed by state contract law. *See id.*

**[5]** The Agreement in this case contains a choice-of-law provision that states the Agreement is governed by Texas law. Plaintiffs argue the choice-of-law provision is unenforceable, and California law applies. During this case's pendency on appeal, this Court decided, in an unpublished, non-precedential memorandum disposition, *Oestreicher v. Alienware Corp.*, 322 F. App'x 489 (9th Cir. Apr. 2, 2009) (mem.) (*Oestreicher II*), which affirmed a district court decision that appropriately dealt with a similar choice-of-law determination. *See Oestreicher I*, 502 F. Supp. 2d 1061. We adopt the reasoning of *Oestreicher I* and apply it to this case. This Court agreed that the choice-of-law provision was not enforceable

and that under California choice-of-law rules, California law applied. *Oestreicher II*, 322 F. App'x at 491.

In *Oestreicher I,* plaintiff Harry Oestreicher brought a proposed class action against Alienware Corporation ("Alienware"), asserting various violations of California state law arising out of Alienware's alleged sale of defective notebook computers. *Id.* at 1064. Oestreicher purchased his computer through Alienware's website and was required to accept a sales agreement at the time of purchase, which contained an arbitration provision with a class action waiver and a choice-of-law provision designating Florida law as the governing law. *Id.* at 1063-64. Alienware moved to compel arbitration pursuant to the terms of the sales agreement. *Id.* at 1064. The district court denied the motion, *id.* at 1072, and this Court affirmed on appeal, *Oestreicher II*, 322 F. App'x at 491-93.[2]

**[6]** Applying California's choice-of-law rule, which adopts section 187 of the Restatement (Second) of Conflict of Laws, *Oestreicher I* found that the sales agreement's choice-of-law provision was unenforceable and that the validity of the arbitration provision should be determined in accordance with California law. 502 F. Supp. 2d at 1065-69. The district court first concluded that application of Florida law would be contrary to a fundamental policy of California because the sales agreement's class action waiver was unconscionable under California law. *Id.* at 1067-68. Specifically, the district court found the class action waiver satisfied all three prongs of the *Discover Bank*[3] test: (1) the sales agreement was an adhesion

---

[2]After the district court denied Alienware's motion to compel, it dismissed plaintiffs' action for failure to state a claim upon which relief can be granted. *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964 (N.D. Cal. 2008). This Court also reviewed and affirmed that ruling on appeal. *Oestreicher II*, 322 F. App'x at 493. At this time, we do not address the impact of this second ruling to the case-at-hand.

[3]Under *Discover Bank v. Superior Court*, 113 P.3d 1100, 1110 (Cal. 2005), class action waivers are unconscionable under California law if (1)

contract, (2) $4000, which was the approximate purchase price of Oestreicher's computer, was a small enough amount to prevent consumers from pursuing their individual claims, and (3) Oestreicher alleged a deliberate practice to deprive consumers of money because he alleged "Alienware was aware of material defects in its products, concealed these defects from consumers, and chose to sell defective products." *Id.* The district court next found that California had a materially greater interest in applying its law because the proposed class consisted solely of California residents asserting violations of California consumer protection laws for goods shipped into California. *Id.* at 1069. California's interest therefore outweighed Florida's interest as the place of contracting and place of performance. *Id.*

[7] Here, the Agreement's choice-of-law provision is unenforceable for the same reasons identified in *Oestreicher I.*[4] The class action waiver is unconscionable under California law because it satisfies the *Discover Bank* test, and California has a materially greater interest than Texas in applying its own law. Accordingly, the validity of the arbitration provision is governed by California law. Having found the class action waiver unconscionable under California law, the only remaining question is whether the class action waiver can be severed from the remainder of the arbitration provision. *See* Cal. Civ.

---

"the waiver is found in a consumer contract of adhesion," (2) the contractual setting is one in which "disputes between the contracting parties predictably involve small amounts of damages," and (3) "it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money."

[4]However, unlike the district court in *Oestreicher I*, *see id.* at 1065-66 & n.2, we decline to resolve whether the burden of proof set forth in *Washington Mutual Bank, FA v. Superior Court*, 15 P.3d 1071, 1079 (Cal. 2001) or *America Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 9-11 (Cal. Ct. App. 2001) applies in this case, as we would find the choice-of-law provision unenforceable regardless of which burden of proof applies.

Code § 1670.5(a) (making discretionary a court's decision to sever an unconscionable contract clause). We find it cannot be severed because the class action waiver is "central" to the arbitration provision. *See Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1109 (9th Cir. 2003). Because we decline "to assume the role of contract author rather than interpreter," *id.* (quoting *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1180 (9th Cir. 2003)), the class action waiver renders the entire arbitration provision unenforceable. The district court erred when it found to the contrary and granted Dell's motion to stay proceedings and compel arbitration.

## IV.   CONCLUSION

We reverse the district court's Rule 41(b) dismissal and construe the dismissal as a voluntary dismissal with prejudice under Rule 41(a)(2). We also reverse the district court's order granting Dell's motion to stay proceedings and compel arbitration. We remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.