FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 28 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SULTAN HAMEED, | No. 11-15953 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02276-MCE-CMK |
| v. | |
| IHOP FRANCHISING LLC; IHOP PROPERTIES LLC; INTERNATIONAL HOUSE OF PANCAKES INC.; IHOP RESTAURANTS INC.; IHOP PROPERTIES, INC; DINEEQUITY INC., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Chief District Judge, Presiding

Argued and Submitted February 14, 2013
San Francisco, California

Before: SCHROEDER, NOONAN, and MURGUIA, Circuit Judges.

Sultan Hameed appeals the district court's order dismissing his claims for

unjust enrichment, violations of California's Unfair Competition Law ("UCL"),

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Cal. Bus. & Prof. Code § 17200, et seq., accounting, and breach of contract against International House of Pancakes, LLC, IHOP Franchising, LLC, IHOP Properties, LLC, and DineEquity, Inc. (collectively, "IHOP"). Hameed's allegations stem from three contracts he entered into as an IHOP franchisee. We affirm.

The district court dismissed Hameed's claims pursuant to Fed. R. Civ. Proc. 41(b) for failure to prosecute. Because Hameed indicated his willingness to forgo his accounting claim to obtain immediate appellate review, we construe the dismissal as a Rule 41(a)(2) voluntary dismissal. *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1085 (9th Cir. 2010).

The district court did not err in dismissing Hameed's UCL claims related to the Development Impact Assistance Program ("DIAP") or the increases in the property taxes he owed. Hameed did not plead a plausible cause of action with regard to these claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He did not allege that he suffered the losses necessary to trigger application of DIAP. Hameed further had no cognizable interest in avoiding contractually required payments of property taxes, and IHOP's requirement of continued payments does not run afoul of any constitutional, statutory, or regulatory scheme. *Walker v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 2d 79, 87 (Cal. Ct. App. 2002); *Gregory v. Albertson's, Inc.*, 128 Cal. Rptr. 2d 389, 395 (Cal. Ct. App. 2002).

The district court dismissed Hameed's breach of contract claim related to his increased property tax because Hameed failed to plead the existence of a "New Lease," which is a prerequisite to a breach under his theory of the claim. We affirm the dismissal because even if Hameed did plead the existence of a "New Lease," the "New Lease" did not cause the increase in Hameed's property tax. Instead, as Hameed's counsel conceded during oral argument, the sale of the property, which allowed a new valuation under California law, caused the increase in Hameed's property tax obligations.

The district court properly dismissed Hameed's unjust enrichment claim because under California law, unjust enrichment claims cannot proceed when the parties have a valid contract regarding the same subject matter. *Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 330 (Cal. Ct. App. 2012). The Equipment Lease here was a valid contract that was performed according to its terms. The contract is valid and not unconscionable, because Hameed has pointed to no procedural defect in its formation. *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007) (procedural and substantive unconscionability required to invalidate a contract).

Hameed contends that the district court erred in dismissing as time-barred his UCL claim related to the Equipment Lease. The district court correctly found

3

that the claim accrued in 1998 when the contracts were formed. *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1196 (2013). The theory of continuous accrual does not apply because there is no allegation of a recurring wrongful act. Unlike *Aryeh,* where the plaintiff alleged that each individual payment included an unfair charge, *see id.* at 1200, here, Hameed's contention is that the contractual terms are unfair. The discovery rule also does not excuse Hameed's untimeliness because a reasonable person in his position would have discovered the alleged unfairness of the contract's terms at the inception of the contract. *Norgart v. Upjohn Co*., 981 P.2d 79, 88 (Cal. 1999). Hameed has also not alleged a continuous violation because the alleged unfairness stems not from a course of conduct, but from the terms of the initial contract. *Aryeh*, 55 Cal. 4th at 1198. The UCL claim is therefore time-barred.

The district court did not abuse its discretion in dismissing Hameed's accounting claim with prejudice under Rule 41(a)(2) because Hameed, understanding and accepting the risks involved, sought dismissal of his entire case to pursue this appeal. *See Omstead*, 594 F.3d at 1085.

**AFFIRMED**.