**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD ERICKSON; DONNA ERICKSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> PNC MORTGAGE, a division of PNC Bank, N.A., successor in interest by merger to National City Bank of Indiana; MCT FINANCIAL, INC., DBA Trustee Corps; FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> Defendants - Appellees. | No. 12-16802 <br><br> D.C. No. 3:10-cv-00678-LRH-VPC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted October 10, 2014[**]
San Francisco, California

Before: CANBY, W. FLETCHER, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellants Gerald and Donna Erickson initiated this litigation after losing their home through non-judicial foreclosure proceedings. They appeal from the district court's order dismissing their action without prejudice for failure to prosecute. On appeal, the Ericksons challenge various aspects of the district court's interlocutory orders, but they do not challenge the dismissal for failure to prosecute.

Ordinarily, a district court's interlocutory orders are reviewable after a final judgment is issued because they are deemed to merge into the judgment. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897–98 (9th Cir. 2001). There is an exception to this general rule, however. "[I]nterlocutory rulings do not merge into a judgment of dismissal without prejudice for failure to prosecute whether the failure to prosecute is purposeful or is a result of negligence or mistake." *Ash v. Cvetkov*, 739 F.2d 493, 498 (9th Cir. 1984). As we explained in *Ash*, important policy considerations underlie application of this exception: "the sufferance of dismissal without prejudice because of failure to prosecute is not to be employed as an avenue for reaching issues which are not subject to interlocutory appeal as of right." *Id.* (citing *Hughley v. Eaton Corp.*, 572 F.2d 556 (6th Cir. 1978)); *accord Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996)

("There is no good reason to allow plaintiff to revive his case in the appellate court after letting it die in the trial court.").

Here, the Ericksons do not challenge the factual basis for, or propriety of, the district court's dismissal without prejudice for failure to prosecute. Additionally, neither before the district court nor before this Court have they made a showing of good cause for their failure to prosecute after receiving unfavorable interlocutory rulings from the district court. *Al-Torki*, 78 F.3d at 1386 (" If [a plaintiff] had a good excuse for the failure to prosecute, that would revive the case, including the appealability of interlocutory orders, but he would first have to establish that good excuse, either in the district court or on appeal."). We therefore uphold the district court's unchallenged dismissal for failure to prosecute and, because the merger doctrine does not apply, we decline to reach on appeal the issues presented by the district court's interlocutory orders.

In their reply brief, the Ericksons invite this court to construe the district court's order of dismissal as a voluntary dismissal with prejudice, as we did in *Omstead v. Dell, Inc.*, 594 F.3d 1081 (9th Cir. 2010). We decline to do so because *Omstead* is distinguishable. Here, the Ericksons proffer neither evidence nor argument to support a conclusion that the district court abused its discretion in dismissing their action for failure to prosecute. Similarly, they point to no record

3

evidence of conduct evincing a desire for voluntary dismissal with prejudice to facilitate appellate review of the district court's interlocutory rulings. *See id.* at 1084–85 (explaining that the plaintiffs communicated to the district court their belief that the interlocutory ruling was fatal to their action and their desire for an order that would permit appellate review of that issue). The Ericksons' inaction following the district court's unfavorable interlocutory rulings is precisely the conduct discouraged in *Ash*. 739 F.2d at 497.

The dismissal of the action without prejudice for failure to prosecute is **AFFIRMED.**

4