FILED

DEC 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSSELL A. MERINAR, | No. 14-55018 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-04085-GAF-JPR |
| v. | |
| THE COUNTY OF LOS ANGELES; RAUL MACIAS, Los Angeles County Sheriff Deputy, individual & official capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Russell A. Merinar appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

connection with his arrest and detention.  We have jurisdiction under 28 U.S.C.

§ 1291.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

discretion the imposition of terminating sanctions.  *Conn. Gen. Life Ins. Co. v. New*

*Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). We affirm.

The district court did not abuse its discretion by imposing terminating

sanctions under Federal Rules of Civil Procedure 37(b)(2) and 41(b) due to

Merinar's willful violations of the court's discovery orders that prevented

defendants from conducting meaningful discovery.  *See Omstead v. Dell, Inc.*, 594

F.3d 1081, 1084 (9th Cir. 2010) (factors for determining whether to dismiss under

Fed. R. Civ. P. 41(b)); *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096-97 (factors for

evaluating terminating sanctions).

We do not address Merinar's challenges to the denial of leave to amend or of

appointment of counsel because the district court imposed terminating sanctions.

*See Omstead*, 549 F.3d at 1085 (appeal from Rule 41(b) dismissal does not permit

review of interlocutory orders); *Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir.

1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not

appealable after a dismissal for failure to prosecute, 'whether the failure to

prosecute is purposeful or is a result of negligence or mistake.'" (citation omitted)).

Merinar's motion to clarify, filed June 2, 2014, is denied as moot.

14-55018

**AFFIRMED.**