GRABER, Circuit Judge,
dissenting:
I respectfully dissent. In my view, we should exercise discretion to consider the Rule 41(b) issue; the- district court abused its discretion by dismissing the case as a 'sanction under Rule 41(b), rather- than on the merits under Rule 12(b)(6); and on the merits the district court erred in ruling that Plaintiff failed to state a federal claim. *1148 Accordingly, I would reverse and remand for further proceedings.
1. We have discretion to address Rule 41(b).
As the majority recognizes, we have discretion to consider the Rule 41(b) issue. United States v. Ullah, 976 F.2d 509, 514 (9th Cir. 1992). At least two of the reasons that motivated us to reach the unraised issue in Ullah also are present here. First, the Rule 41(b) issue was raised—and discussed at length—in the Defendants’ answering brief. Id. Second, Plaintiffs failure to raise the issue has not prejudiced Defendants’ defense; in their brief, Defendants both responded to the substance of Plaintiffs opening brief and put forth an argument concerning the Rule 41(b) issue. Id. Plaintiff, for his part, responded to the Rule 41(b) argument in his reply brief.[1]
The majority correctly points out that, unlike Ullah, this case does not involve a criminal defendant who “will lose his liberty if we do not exercise our discretion.” (Maj. op. at page 1149.) But that distinction is relevant only to the “manifest injustice” ground[2] for reaching an unraised issue, not to the other two grounds, each of which is independently adequate. Here, as in Ullah, “the discussion of the [unraised] issue in th[e] briefs is sufficient to permit an informed resolution of the dispute.” 976 F.2d at 514. Failing to address the Rule 41(b) issue in these circumstances is a triumph of procedural rigidity but serves no other purpose.
2. The district court abused its discretion under Rule 41 (b).
Dismissal as a sanction is a harsh penalty to be imposed only in extreme circumstances. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217 (9th Cir. 2006). The district court granted Plaintiff leave to amend the complaint. He did not do so. The district court then promptly dismissed Plaintiffs federal law claims with prejudice under Rule 41(b) as a sanction for failing to comply with a court order.[3] That decision was an abuse of discretion for the simple reason that, under our precedents, Plaintiff did not fail to comply with a court order.
When a district court requires a plaintiff to file an amended complaint, the court may dismiss the case under Rule -41(b) if the plaintiff fails to follow the requirement. See Yourish v. Cal. Amplifier, 191 F.3d 983, 986 n.2 (9th Cir. 1999) (noting that the order stated that an “[a]mended complaint shall be filed within 60 days” (emphasis added)); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that the court “ordered” and “required” the filing of a second amended complaint); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th *1149 Cir. 2004) (“Yourish and Ferdik both arose when plaintiffs, given the opportunity to amend, or be' dismissed, did nothing.... The failure of the plaintiff eventually to respond to the court’s ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.” (second emphasis added)).
But here, the district court did not require Plaintiff to file an amended complaint, nor did the court require in the alternative that Plaintiff file an amended complaint or some other specified document. The court’s order denying Plaintiffs motion for reconsideration merely granted leave to amend, with permissive text allowing Plaintiff to amend or not: The “plaintiff, if he chooses to amend his complaint, [must] file a motion to amend within fourteen (14) days.” (Emphasis added.) Later, the court warned, without citation to Rule 41(b), that “failure to file an amended complaint within this time may result in dismissal.” (Emphasis added.) Given the court’s failure to cite Rule 41(b), the permissive wording of its orders, and Plaintiffs desire to obtain appellate review of the Rule 12(b)(6) dismissal as discussed in the motion for reconsideration, he understandably hoped for a dismissal, which he reasonably thought would be under Rule 12(b)(6). After all, the district court never ordered Plaintiff to file an amended complaint, as the courts had in Yourish or Ferdik. Leave to amend was granted; failure to amend did not constitute noncompliance with a court order. Simply put, there was no “ultimatum” within the meaning of our precedents, and so the district court abused its discretion in dismissing Plaintiffs federal claims under Rule 41(b).
3. Plaintiff stated a claim for relief.
In view of the erroneous Rule 41(b) dismissal, I would reach the merits of the district court’s dismissal under Rule 12(b)(6). We review de novo. Edwards, 356 F.3d at 1061,1065.
The operative complaint contains seven federal law claims, though many of them may be viewed as alternative theories of liability rather than as distinct claims for relief. Each claim rests on the following set of alleged facts. A state-run psychiatric hospital and numerous individual doctors and state health officials engaged in, or approved of, a practice of “Greyhound therapy,” in which patients were involuntarily discharged from the hospital and ordered to board (or tricked into boarding) buses bound for out-of-state destinations. No arrangements were made for the patients’ care in the destination cities, nor were the cities chosen because the patients had ties to them. Plaintiff was sent to Sacramento, “a city with which he had no prior contact, and where he knew no one.”
At the time he was sent to Sacramento, Plaintiff had been in the hospital for only a few days. He had been admitted “with a diagnosis of psychosis, hearing voices, and thinking of suicide” and was given various “psychotropic medications which affect thinking and judgment” during his short stay. He was released “without money, identification or Medicaid card” and in a delusional and suicidal state. In short, Plaintiff alleges that a state-run psychiatric hospital decided to ship him to another state—without regard for what kind of care, if any, he might receive upon arrival—rather than to provide him treatment.
It should be plain enough even from this abridged version of the facts that Plaintiffs complaint states a plausible claim for relief under a substantive due process theory. “[T]he state’s failure to protect án individual against private violence ... can [violate the guarantee of due process] where the state action ‘affirmatively places the plaintiff in a position of danger,’ that is, where state action creates or exposes *1150 an individual to a danger which he or she would not have otherwise faced.” Kennedy v. City of Ridgefield, 439 F.3d 1055, 1061 (9th Cir. 2006) (brackets omitted) (quoting Wood v. Ostrander, 879 F.2d 583, 589-90 (9th Cir. 1989)); see also Pauluk v. Savage, 836 F.3d 1117, 1121-24 (9th Cir. 2016) (discussing “state-created danger” doctrine).
The district court rejected Plaintiffs substantive due process theory because he made “no allegation that [the] defendants caused [him] to be in a dangerous situation. Indeed, before [P]laintiff was admitted to [the hospital] he was homeless and in need of psychiatric care..., [T]he complaint makes it very clear that [P]laintiff faced these dangers prior to any interaction with [the] defendants.” But Plaintiff faced quite different dangers in Sacramento, an unfamiliar city to which he had no ties, than he had faced in Las Vegas, the city where he resided. And even if Plaintiff faced the same kinds of dangers in both places, he has-plausibly alleged that Defendants’ affirmative acts exposed him to a greater danger than he otherwise would have faced, which is sufficient to state a due process claim. See Kennedy, 439 F.3d at 1063 n.4 (noting that “this court has already specifically rejected the ‘danger creation’- versus ‘danger enhancement’ distinction”).
If even one theory supporting a claim for relief is plausible, the -claim cannot be dismissed under Rule 12(b)(6).[4] See Haddock v. Bd. of Dental Exam’rs of Cal., 777 F.2d 462, 464 (9th Cir. 1985) (stating that “a complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory”); see also Fed. R. Civ. P. 8(d)(2) (“A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.”). Because Plaintiff pleaded a plausible claim for relief on a substantive due process theory, his federal claims should not have been dismissed under Rule 12(b)(6).
For all these reasons, I dissent.

. The majority notes that Defendants did not file (and they did not ask to file) another brief concerning Rule 41(b), following Plaintiff's reply brief. But we held oral argument at which Defendants had a full opportunity to discuss the issue. Thus it is not entirely correct to state that Defendants "were not given an opportunity to respond.” (Maj. op. at page 1149.)

. Given the errors here, both procedural and substantive, the manifest injustice exception also may apply, just as it did in Ullah. Plaintiffs claim—that notwithstanding his delusional and suicidal state, Defendants placed him on a bus against his will and sent him, without money or identification, to a distant city where he lacked any ties—describes a situation that, if proved, may be as onerous as being incarcerated.

.The district court did not rely on an alleged failure to prosecute. See Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (holding that a dismissal for failure to prosecute must be supported by a showing of unreasonable delay). The dismissal with prejudice occurred less than 30 days after leave to amend was granted.

. By focusing only on one theory I do not mean to suggest that none of Plaintiff's other theories states'a claim.