**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY MELVIN HAYNES, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CHRISTIAN HANSON; et al., <br><br> Defendants-Appellees. | Nos. 13-16189 <br> 15-15550 <br><br> D.C. No. 3:11-cv-05021-JST <br><br><br> MEMORANDUM* |

Appeals from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Gregory Melvin Haynes, an attorney, appeals pro se from the district court's

judgments dismissing his action alleging federal claims arising out of an alleged

altercation in the hallway of a federal district court. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Manufactured Home Cmtys. Inc. v. City of*

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes these cases are suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005) (dismissal on the basis of res judicata); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (summary judgment); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987) (dismissal under Fed. R. Civ. P. 12(b)(6)).  We may affirm on any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

**Appeal No. 13-16189**

The district court properly dismissed Haynes's claims against defendants Herrera, Hoeper, and Zaheer as barred by the doctrine of res judicata because Haynes could have raised his claims in his prior California state court action, which involved the same primary rights, the same parties or privies, and resulted in a final judgment on the merits.  *See Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016)  (a federal court must apply the res judicata law of the state in which the judgment was entered); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 382 n.1 & 386-87 (Cal. 2015) (setting forth requirements for res judicata, or claim preclusion, defining primary rights doctrine, and discussing privity).

The district court properly dismissed Haynes's claims against defendant Tolbert because Haynes failed to allege facts sufficient to state a plausible claim.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (factual allegations must "state a claim to relief that is plausible on its face"); *United States v. Mendenhall*,

446 U.S. 544, 551-52 (1980) (threshold for detention under the Fourth Amendment seizure).

To the extent that Haynes alleged an equal protection claim against defendant Tolbert, dismissal was proper because Haynes failed to allege facts sufficient to state a plausible claim. *See Twombly*, 550 U.S. at 570; *Serrano*, 345 F.3d at 1082 (requirements for equal protection claim based on membership in a protected class).

**Appeal No. 15-15550**

The district court properly dismissed Haynes's Fourth Amendment claim against defendants Hanson and Oberstein based on Haynes's initial detention because Haynes failed to allege facts sufficient to show that the initial detention was unreasonable. *See United States v. Grigg*, 498 F.3d 1070, 1081 (9th Cir. 2007) (explaining when, under the totality of circumstances, an officer may conduct an investigatory stop based on a completed misdemeanor).

The district court properly granted summary judgment on Haynes's Fourth Amendment claim against defendants Hanson and Oberstein based on the length of Haynes's detention because Haynes failed to raise a genuine dispute of material fact as to whether defendants failed to "diligently pursue[] a means of investigation that was likely to confirm or dispel their suspicions." *United States v. Torres-Sanchez*, 83 F.3d 1123, 1129 (9th Cir. 1996) (citation and internal quotation marks

13-16189

omitted).

The district court did not abuse its discretion by dismissing Haynes's claims against defendant Coughlin with prejudice for failure to prosecute after providing Haynes multiple warnings to comply with its orders to serve Coughlin. *See Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (setting forth standard of review and factors that district court must weigh in determining whether dismissal for failure to prosecute under Rule 41(b) is warranted).

The district court did not abuse its discretion by dismissing without prejudice Haynes's claims against defendant Almaraz for failure to effectuate service of process because Haynes failed to show that he served Almaraz with the First Amended Complaint. *See* Fed. R. Civ. 4(i) (requirements for serving federal employee); Fed. R. Civ. P. 4(m) (setting forth time limit to effect service absent showing of good cause); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) (standard of review).

The district court did not abuse its discretion by denying Haynes leave to file a Second Amended Complaint because the relevant factors weighed against granting leave. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and factors relevant to a motion to amend and explaining that "when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly

4                                                                    13-16189

broad." (citation and internal quotation marks omitted)).

We reject as without merit Haynes's contentions regarding the United States Attorney's Office's representation of defendant Almaraz.

**AFFIRMED.**