**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EARNEST CASSELL WOODS II, | No. 16-16500 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-01291-JSW |
| v. | |
| KEVIN CHAPPELL, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Earnest Cassell Woods II, a California state prisoner, appeals pro se from the

district court's judgment dismissing for failure to file an amended complaint his 42

U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under

28 U.S.C. § 1291. We review for an abuse of discretion. *Omstead v. Dell, Inc.*,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

594 F.3d 1081, 1084 (9th Cir. 2010).  We reverse and remand.

The district court dismissed Woods's action after Woods failed to comply with a court order directing him to file an amended complaint.  However, Woods explained in his first request for an extension that he sent his only copy of the complaint to the district court because it was the "safest place" where "defendants could not get to the documents," and subsequently explained his efforts to try to obtain a copy of the complaint, which he contends he needed to file an amended complaint.  The district court did not explain how to obtain a copy of the complaint from the clerk of the court until after dismissing the action.  Under these circumstances, less drastic alternative sanctions would have been appropriate in this case.  *See id.* (setting forth factors that district court must weigh in determining whether dismissal for failure to prosecute or to comply with a court order under Rule 41(b) is warranted).  We reverse and remand for further proceedings.

Woods's request for leave to file an affidavit, set forth in his opening brief, is denied.

**REVERSED and REMANDED.**

16-16500