**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY L. WATTS, | No. 17-17104 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00917-AWI-SKO |
| v. | |
| H. NGUYEN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 13, 2018**

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

California state prisoner Timothy L. Watts appeals pro se from the district

court's judgment dismissing for failure to prosecute his 42 U.S.C. § 1983 action

alleging deliberate indifference to his serious medical needs.  We have jurisdiction

under 28 U.S.C. § 1291.  We review for an abuse of discretion.  *Omstead v. Dell,*

---

            *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

            **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010). We affirm.

The district court did not abuse its discretion by dismissing Watts's action for failure to prosecute because Watts did not comply with the district court's orders directing Watts to file a response to defendants' motion for summary judgment or explain why he failed to do so. *See id.* (discussing the five factors for determining whether to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)).

We do not consider Watts's contentions regarding lost legal papers raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-17104