**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER SALEM, | No. 17-16721 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00384-LEK-KJM |
| v. | |
| ALAN ARAKAWA, individually and in his official capacity as MAYOR OF THE COUNTY OF MAUI; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted January 29, 2019[**]

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Christopher Salem appeals pro se the district court's dismissal of his action against the County of Maui and County officials. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The district court correctly exercised its discretion in denying Salem's second motion for leave to file a first amended complaint. *See U.S. ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 676 (9th Cir. 2018) (stating standard of review). The proposed first amended complaint failed to state a claim under Hawaii law for negligence, gross negligence, or fraudulent concealment. *See Molfino v. Yuen*, 339 P.3d 679, 682 (Haw. 2014) (stating elements of negligence); *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (holding that particularity requirements set forth in Fed. R. Civ. P. 9(b) apply to state-law fraud claims); *Shoppe v. Gucci Am., Inc.*, 14 P.3d 1049, 1067 (Haw. 2000) (stating elements of fraud). Considering the proposed complaint's failure to state a claim, the district court's prior rulings that two earlier complaints failed to comply with Federal Rule of Civil Procedure 8(a)(2), and comprehensive prior pleading instructions provided by the district court, the district court correctly exercised its discretion in concluding that further amendment would be futile. *See Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1147 (9th Cir. 2018) (holding that district court acts within its discretion in denying leave to amend when further amendment would be futile).

The district court correctly exercised its discretion in denying Salem's motion to remand the case to the state court from which it had been removed following his filing of the motion for leave to file a first amended complaint raising

2

only state law claims. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1149 (9th Cir. 2012) (holding that, when all federal law claims have been resolved, district court has discretion whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over remaining state law claims).

The district court correctly exercised its discretion in dismissing the action pursuant to Rule 41(b). Given Salem's multiple unsuccessful attempts to file an acceptable complaint, the district court properly concluded that the public interest in the expeditious resolution of litigation and the court's interest in managing its docket strongly outweighed the policy favoring disposition of cases on the merits. *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (setting forth factors to be considered in dismissing for failure to prosecute or to comply with rules or order). The district court also did not abuse its discretion in denying Salem relief under Rule 60(b). *See Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012).

Appellant's opposed motions to supplement the record and for sanctions (Docket Entry Nos. 34 and 48) are denied. Appellant's motion to file a corrected reply brief (Docket Entry No. 67) is granted.

**AFFIRMED.**