**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA TINKY MNYANDU, | No. 18-55846 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-06485-DSF-FFM |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Pamela Tinky Mnyandu appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging malicious prosecution. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Mnyandu's claims against defendants Sedgwick Claims Management Services, Inc., Lunsway, and Rose because Mnyandu failed to raise a genuine dispute of material fact as to whether these defendants instigated Mnyandu's criminal prosecution with malice. *See id.* at 621, 624 (unanswered requests for admission, or untimely and deficient responses to the same, are deemed admitted under Fed. R. Civ. P. 36(a)(3) and may be relied on as the basis for granting summary judgment); *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 872 (9th Cir. 1992) (to survive summary judgment, nonmoving party "ordinarily must furnish affidavits containing admissible evidence tending to show the existence of a genuine dispute of material fact"); *see also Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (en banc) (elements of malicious prosecution claim under § 1983); *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011) (elements of malicious prosecution claim under California law). Contrary to Mnyandu's contention, she was not excused from her obligation to respond to defendants' requests for admission because the district court had authorized the parties to conduct discovery. *See* Fed. R. Civ. P. 26(d) (prohibiting discovery prior to a Rule 26(f) conference except "when authorized . . . by court order").

The district court did not abuse its discretion in dismissing Mnyandu's claims against defendants Colannino and Racowaschi under Federal Rules of Civil Procedure 37(b)(2) and 41(b) because Mnyandu willfully failed to produce documents in compliance with the district court's discovery orders despite receiving an extension of time and being warned that noncompliance could result in dismissal. *See Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (standard of review and factors for determining whether to dismiss under Rule 41(b)); *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096-97 (9th Cir. 2007) (standard of review and factors for evaluating terminating sanctions under Rule 37(b)(2)).

The district court did not abuse its discretion in denying Mnyandu's motion for default judgment as a sanction because defendants did not violate any discovery orders or other court order. *See Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997) (standard of review).

The district court did not abuse its discretion in denying Mnyandu's request for disqualification of Magistrate Judge Mumm because Mnyandu failed to establish any ground for recusal. *See United States v. Sibla*, 624 F.2d 864, 868-69 (9th Cir. 1980) (standard of review and circumstances requiring recusal under 28

U.S.C. § 455).

We reject as without merit Mnyandu's contention that the magistrate judge acted without jurisdiction because the magistrate judge had jurisdiction to rule on all non-dispositive, pretrial matters. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a).

**AFFIRMED.**