**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAHAR MIKHAK, | No.    17-17535 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00901-CRB |
| v. | |
| UNIVERSITY OF PHOENIX, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Bahar Mikhak appeals pro se from the district court's judgment dismissing

for failure to prosecute her employment action alleging federal and state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

discretion.  *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010).  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by dismissing Mikhak's action for failure to prosecute because Mikhak did not comply with the district court's orders directing Mikhak to initiate arbitration despite being warned that noncompliance could result in dismissal. *See id.* (discussing the five factors for determining whether to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, a district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)); *see also Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 396 (1993) (holding that clients must be held accountable for the acts and omissions of their attorneys).

Because Mikhak's action was dismissed for failure to prosecute, we do not consider her challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute[.]").

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We reject as unsupported by the record Mikhak's contentions that defendant and its counsel committed perjury, that defendant's counsel and the district court engaged in misconduct, or that Mikhak was denied an opportunity to file reply briefs in response to various filings by defendant.

Mikhak's motion to present new issues and analyses (Docket Entry No. 27) is denied.

Defendant's motion to strike (Docket Entry No. 35) is denied as unnecessary.

**AFFIRMED.**