**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| TABITHA SPERRING; PAISLIE MARCHANT; SALLY POSTON, individually and on behalf of similarly situated persons, *Plaintiffs-Appellants*, | No. 19-56295 <br><br> D.C. No. 5:19-cv-00433-AB-SHK |
| v. | OPINION |
| LLR, INC., a Wyoming corporation; LULAROE, LLC, a California limited liability company; LENNON LEASING, LLC, a Wyoming limited liability company; MARK A. STIDHAM, an individual; DEANNE BRADY, an individual; DOES, 1–30, inclusive, *Defendants-Appellees.* | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted February 5, 2021[*]
Pasadena, California

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed April 23, 2021

Before:  Ronald M. Gould, John B. Owens, and
Lawrence VanDyke, Circuit Judges.

Per Curiam Opinion

**SUMMARY**\*\*

**California Insurance Law**

The panel dismissed for lack of appellate jurisdiction an appeal from the district court's order compelling arbitration of a putative class action.

The panel held that *Langere v. Verizon Wireless Services, LLC*, 983 F.3d 1115 (9th Cir. 2020), controlled the outcome of this case.  Appellants, like Langere, voluntarily dismissed their action with prejudice in an attempt to obtain an appealable final judgment following an order compelling arbitration, and this tactic no longer creates appellate jurisdiction.  The panel further held that it was of no consequence that appellants moved for a court order dismissing their action under Fed. R. Civ. P. 41(a)(2), while Langere unilaterally dismissed his action under Fed. R. Civ. P. 41(a)(1).  Finally, the panel held that appellants' contention, that there was appellate jurisdiction under 9 U.S.C. § 16(a)(3), was without merit.

\*\* This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Justin P. Karczag, Encore Law Group LLP, Los Angeles, California; Kevin D. Gamarnik, Foley Bezek Behle & Curtis LLP, Costa Mesa, California; Aaron L. Arndt, Foley Bezek Behle & Curtis LLP, Santa Barbara, California; for Plaintiffs-Appellants.

Steven T. Graham, William S. O'Hare, Elizabeth M. Weldon, Todd E. Lundell, and Jing (Jenny) Hua, Snell & Wilmer LLP, Costa Mesa, California, for Defendants-Appellees.

**OPINION**

PER CURIAM:

Tabitha Sperring, Paislie Marchant, and Sally Poston (collectively "Appellants") appeal from the district court's order compelling arbitration of their putative class action against LLR, Inc.; LuLaRoe, LLC; Lennon Leasing, LLC; Mark Stidham; and Deanne Brady (collectively "LuLaRoe"). Appellants, all consultants for LuLaRoe, alleged that LuLaRoe operated an illegal endless-chain pyramid scheme in violation of California and federal law. LuLaRoe moved the district court to compel arbitration under the agreement each consultant had signed with LuLaRoe. The district court compelled arbitration and stayed proceedings pending arbitration. Appellants then filed a motion to voluntarily dismiss the case with prejudice so they could "immediately appeal" the court's order compelling arbitration, noting that "the Order ha[d] so damaged their case that seeing their cases through the arbitration process would be a waste of resources for"

Appellants.   The district court granted the voluntary dismissal, and Appellants filed the instant appeal.   We dismiss the appeal for lack of jurisdiction.

"The courts of appeals . . . shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States . . . ."   28 U.S.C. § 1291 (emphasis added). We had long held that § 1291 gave us jurisdiction over appeals of interlocutory orders following a plaintiff's voluntary dismissal with prejudice. *See Ward v. Apple Inc.*, 791 F.3d 1041, 1045–46 (9th Cir. 2015); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1085 (9th Cir. 2010) (so holding in compelled arbitration context).   However, in *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1715 (2017), the Supreme Court reversed our judgment, holding that the voluntary-dismissal tactic does not yield an appealable final judgment in the class certification context.   Recently, in *Langere v. Verizon Wireless Services, LLC*, we concluded that *Omstead*, which had upheld appellate jurisdiction in the compelled arbitration context, "has been effectively overruled by the Court's decision in *Microsoft*."   983 F.3d 1115, 1117 (9th Cir. 2020).   Therefore, we held that "the voluntary dismissal of claims following an order compelling arbitration does not create appellate jurisdiction."   *Id.* at 1124.

*Langere* controls the outcome here.   Appellants, like Langere, voluntarily dismissed their action with prejudice in an attempt to obtain an appealable final judgment following an order compelling arbitration.   As we stated in *Langere*, this tactic no longer "create[s] appellate jurisdiction."   *Id.* Contrary to Appellants' contention, it is of no consequence that Appellants moved for a court order dismissing their action under Federal Rule of Civil Procedure 41(a)(2), while Langere unilaterally dismissed his action under Rule

41(a)(1).  The plaintiffs in *Microsoft* also moved the district court to dismiss their case with prejudice under Rule 41(a)(2), rather than dismissing unilaterally.  *See* 137 S. Ct. at 1711.  And *Langere* expressly held that *Omstead*, which had approved of appellate jurisdiction following a Rule 41(a)(2) dismissal, has been overruled.  *See Langere*, 983 F.3d at 1119, 1122.

Appellants' additional contention that *Langere* is inapplicable because we have jurisdiction under 9 U.S.C. § 16(a)(3) is without merit.  Section 16(a)(3) allows an appeal from "a final decision with respect to an arbitration that is subject to" the Federal Arbitration Act.  9 U.S.C. § 16(a)(3).  Whether a voluntary dismissal with prejudice constitutes an appealable "final decision" under either § 16 or 28 U.S.C. § 1291 is the very question we confronted in *Langere* and answered in the negative.  Therefore, under our clear holding in *Langere*, we lack appellate jurisdiction here.

**DISMISSED.**