**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES FLAVY COY BROWN, on behalf of himself and those similarly situated, | No. 14-16458 |
| *Plaintiff-Appellant*, | D.C. No. 2:13-cv-01039-JCM-PAL |
| v. | |
| RAWSON-NEAL PSYCHIATRIC HOSPITAL; LEON RAVIN, M.D., individually and in his official capacity as Associate Medical Director; ANURAG GUPTA, M.D., individually; SOUTHERN NEVADA ADULT MENTAL HEALTH SERVICES; CHELSEA SZKLANY, individually and in her official capacity as Administrator; NEVADA BUREAU OF HEALTH CARE QUALITY AND COMPLIANCE; NEVADA DIVISION OF HEALTH, DIVISION OF MENTAL HEALTH AND DEVELOPMENTAL SERVICES; RICHARD WHITLEY, in his official capacity as Administrator of the Nevada Division of Public and Behavioral Health, formerly Nevada Division of Health and the Nevada Division of Mental Health & Developmental Services; NEVADA DEPARTMENT OF HEALTH AND | OPINION |

HUMAN SERVICES; MIKE WILLDEN,
in his official capacity as Director;
LINDA J. WHITE M.D., individually
and in her official capacity as
Statewide Psychiatric Medical
Director of the State of Nevada;
KYLE DEVINE, in his official
capacity as Bureau Chief of the
Nevada Bureau of Health Care
Quality and Compliance,
                    *Defendants-Appellees.*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted August 8, 2016
San Francisco, California

Filed November 4, 2016

Before: J. Clifford Wallace and Susan P. Graber, Circuit
Judges, and Barbara M. G. Lynn,* Chief District Judge.

Opinion by Chief District Judge Lynn;
Dissent by Judge Graber

---

* The Honorable Barbara M. G. Lynn, Chief District Judge for the
U.S. District Court for the Northern District of Texas, sitting by
designation.

## SUMMARY[**]

### Civil Rights

The panel affirmed the district court's dismissal, pursuant to Fed. R. Civ. P. 41(b), of an action arising from plaintiff's discharge from the Rawson-Neal Psychiatric Hospital in Las Vegas, Nevada, and his subsequent transportation to Sacramento, California.

The district court initially dismissed plaintiff's federal constitutional and statutory claims without prejudice under Fed. R. Civ. P. 12(b)(6), with leave to amend. Plaintiff, who was represented by counsel, moved for reconsideration. The district court denied that motion and, again, granted plaintiff leave to amend his complaint. When plaintiff did not timely file an amended complaint or otherwise respond to the court's order, the district court dismissed the federal claims with prejudice, as a sanction under Rule 41(b).

The panel held that plaintiff waived the argument that the district court abused its discretion in dismissing his federal claims under Rule 41(b) by failing to raise the issue in his opening brief. The panel held that in the absence of a showing that the district court abused its discretion, and because the prior interlocutory order of dismissal under Rule 12(b)(6) was not reviewable, there was no basis to appeal.

Dissenting, Judge Graber stated that (1) the panel should have exercised discretion to consider the Rule 41(b) issue;

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

(2) the district court abused its discretion by dismissing the case as a sanction under Rule 41(b), rather than on the merits under Rule 12(b)(6); and (3) on the merits the district court erred in ruling that plaintiff failed to state a federal claim.

## COUNSEL

Mark E. Merin (argued) and Paul H. Masuhara, Law Office of Mark E. Merin, Sacramento, California; Staci J. Pratt and Allen Lichtenstein, Allen Lichtenstein, Attorney at Law Ltd., Las Vegas, Nevada; for Plaintiff-Appellant.

Linda C. Anderson (argued), Chief Deputy Attorney General, Office of the Attorney General, Las Vegas, Nevada, for State Defendants-Appellees.

David P. Pruett (argued), Carroll Kelly Trotter Franzen McKenna & Peabody, Long Beach, California, for Defendant-Appellee Linda J. White, M.D.

## OPINION

LYNN, Chief District Judge:

Appellant James Flavy Coy Brown appeals from the district court's judgment dismissing his state and federal claims against Southern Nevada Adult Mental Health Services, Chelsea Szklany, Mike Willden, Richard Whitely, Leon Ravin, M.D., Anurag Gupta, M.D., and Kyle Devine (the "State Defendants"), arising out of his February 11, 2013 discharge from the Rawson-Neal Psychiatric Hospital in Las Vegas, Nevada and subsequent transportation to Sacramento,

California. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

The district court initially dismissed Brown's federal constitutional and statutory claims without prejudice under Fed. R. Civ. P. 12(b)(6), including his claims under 42 U.S.C. § 1983 for alleged violations of his rights under the Eighth, Fourth, and Fourteenth Amendments to the United States Constitution; alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; and alleged violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, et seq. The district court also granted Brown leave to amend his complaint, but Brown, who was and is represented by counsel, instead moved for reconsideration. The district court denied that motion and, again, granted Brown leave to amend his complaint. After Brown did not timely file an amended complaint, the district court extended the deadline and warned Brown that his failure to file an amended complaint within the time prescribed may result in dismissal of his constitutional and federal statutory claims with prejudice. When Brown did not timely file an amended complaint or otherwise respond to the court's order, the district court dismissed Brown's federal claims with prejudice, as a sanction under Fed. R. Civ. P. 41(b). The district court further dismissed Brown's supplemental state law claims without prejudice.

Notwithstanding the dismissal under Rule 41(b), Brown filed this appeal, seeking judicial review of the district court's orders dismissing his complaint under Rule 12(b)(6) and denying his motion for reconsideration, ignoring the fact that the case was dismissed as a sanction under Rule 41(b), and

that in light of that, the Rule 12(b)(6) orders were not reviewable. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).

Brown did not raise in his opening brief the issue of whether the district court abused its discretion in dismissing the case as a sanction under Rule 41(b). Indeed, in outlining the procedural history of the case in his opening brief, Brown mentioned neither the Order warning him of an impending dismissal with prejudice if he failed to amend, nor the Order dismissing his federal claims with prejudice under Rule 41(b).

## II.

We generally do not consider issues that are not raised in the appellant's opening brief. *See, e.g.*, *McKay v. Ingleson*, 558 F.3d 888, 891 n. 5 (9th Cir. 2009). However, although the court has discretion under these circumstances to consider an argument not raised in the opening brief, it is not obligated to do so. *In re Riverside-Linden Inv. Co.*, 945 F.2d 320, 324 (9th Cir. 1991).

We decline to exercise our discretion in Brown's favor. His failure to mention in his opening brief the final Order of Dismissal under Rule 41(b) was either grossly negligent or disingenuous. We hold that Brown waived the argument that the district court abused its discretion in dismissing his federal claims under Rule 41(b). In the absence of a showing that the district court abused its discretion, because the prior interlocutory order of dismissal under Rule 12(b)(6) is not reviewable, there would be no basis to appeal. Having failed

to make in his opening brief the abuse of discretion argument as to Rule 41(b), Brown waived it.

The dissent asserts that we should exercise our discretion in Brown's favor because the State Defendants raised the Rule 41(b) issue in their answering brief and thus did not suffer any prejudice. We disagree for three reasons. First, we do not agree that the State Defendants were not prejudiced by Brown's failure to raise the Rule 41(b) issue. Although the State Defendants did address the issue in their answering brief, they did so without the benefit of anything to argue against. They had to address what arguments Brown might have made, had he addressed the issue, and then refute them. Brown, on the other hand, discussed the issue at length in his reply brief and the State Defendants were not given an opportunity to respond to those arguments. Accordingly, we do not assume that the State Defendants did not suffer any prejudice, simply because they had the foresight to attempt to address the issue unprompted.

Second, the decision the dissent relies on in its waiver discussion, *United States v. Ullah*, 976 F.2d 509 (9th Cir. 1992), is distinguishable. *Ullah* is a criminal case in which one defendant raised an issue in his opening brief, while the co-defendant (Ullah) did not. Thus, we concluded that "it is manifestly unjust to reverse the conviction of one co-defendant but to uphold the conviction of another co-defendant when the same error affected both defendants." *Id.* at 514. Correspondingly, we exercised our discretion to consider the argument that was unraised by only one defendant, but was before the court. The present case does not involve a criminal defendant who will lose his liberty if we do not exercise our discretion. Rather, our case involves a civil appellant who tiptoed around a central issue in his

opening brief. Whether the omission was intentional or merely negligent, it was a significant error. Unlike in *Ullah*, there is no reason to "deviate from our usual practice in this case." *E.E.O.C. v. Peabody Western Coal Co.*, 773 F.3d 977, 990 (9th Cir. 2014).

Third, we dispute the dissent's characterization of our decision as "a triumph of procedural rigidity" that serves no other purpose. We understand that our rules about preserving issues can sometimes seem academic and formalistic, rather than practical. There are, however, important reasons for holding that an appellant waives an issue if it fails to provide argument about the issue in its opening brief. Rules are enforced to deter the type of improper, or inattentive, conduct that occurred here. Moreover, "appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *United States v. Mageno*, 762 F.3d 933, 954–55 (9th Cir. 2014) (Wallace, J., dissenting) (vacated on other grounds), quoting *Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 131 S.Ct. 746, 756 n. 10, 178 L.Ed.2d 667 (2011). We thus reasonably require parties to preserve valid issues in order to conserve judicial resources and to assist our review. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994), citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). That principle dictates finding waiver on these facts.

**AFFIRMED.**

GRABER, Circuit Judge, dissenting:

I respectfully dissent.  In my view, we should exercise discretion to consider the Rule 41(b) issue; the district court abused its discretion by dismissing the case as a sanction under Rule 41(b), rather than on the merits under Rule 12(b)(6); and on the merits the district court erred in ruling that Plaintiff failed to state a federal claim.  Accordingly, I would reverse and remand for further proceedings.

  1.  *We have discretion to address Rule 41(b).*

As the majority recognizes, we have discretion to consider the Rule 41(b) issue.  *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).  At least two of the reasons that motivated us to reach the unraised issue in *Ullah* also are present here.  First, the Rule 41(b) issue was raised—and discussed at length—in the Defendants' answering brief. *Id.*  Second, Plaintiff's failure to raise the issue has not prejudiced Defendants' defense; in their brief, Defendants both responded to the substance of Plaintiff's opening brief *and* put forth an argument concerning the Rule 41(b) issue. *Id.*  Plaintiff, for his part, responded to the Rule 41(b) argument in his reply brief.[1]

The majority correctly points out that, unlike *Ullah*, this case does not involve a criminal defendant who "will lose his

---

[1] The majority notes that Defendants did not file (and they did not ask to file) another brief concerning Rule 41(b), following Plaintiff's reply brief.  But we held oral argument at which Defendants had a full opportunity to discuss the issue.  Thus it is not entirely correct to state that Defendants "were not given an opportunity to respond." (Maj. op. at page 7.)

liberty if we do not exercise our discretion."  (Maj. op. at page 7.)  But that distinction is relevant only to the "manifest injustice" ground[2] for reaching an unraised issue, not to the other two grounds, each of which is independently adequate. Here, as in *Ullah*, "the discussion of the [unraised] issue in th[e] briefs is sufficient to permit an informed resolution of the dispute."  976 F.2d at 514.  Failing to address the Rule 41(b) issue in these circumstances is a triumph of procedural rigidity but serves no other purpose.

### 2. *The district court abused its discretion under Rule 41(b).*

Dismissal as a sanction is a harsh penalty to be imposed only in extreme circumstances. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006). The district court granted Plaintiff leave to amend the complaint.  He did not do so.  The district court then promptly dismissed Plaintiff's federal law claims with prejudice under Rule 41(b) as a sanction for failing to comply with a court order.[3]  That decision was an abuse of discretion for the

---

[2] Given the errors here, both procedural and substantive, the manifest injustice exception also may apply, just as it did in *Ullah*.  Plaintiff's claim—that notwithstanding his delusional and suicidal state, Defendants placed him on a bus against his will and sent him, without money or identification, to a distant city where he lacked any ties—describes a situation that, if proved, may be as onerous as being incarcerated.

[3] The district court did not rely on an alleged failure to prosecute. *See Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (holding that a dismissal for failure to prosecute must be supported by a showing of unreasonable delay).  The dismissal with prejudice occurred less than 30 days after leave to amend was granted.

simple reason that, under our precedents, Plaintiff did not fail to comply with a court order.

When a district court *requires* a plaintiff to file an amended complaint, the court may dismiss the case under Rule 41(b) if the plaintiff fails to follow the requirement. *See Yourish v. Cal. Amplifer*, 191 F.3d 983, 986 n.2 (9th Cir. 1999) (noting that the order stated that an "[a]mended complaint *shall* be filed within 60 days (emphasis added)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that the court "ordered" and "required" the filing of a second amended complaint); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("*Yourish* and *Ferdik* both arose when plaintiffs, given the opportunity to amend or be dismissed, did *nothing*. . . . The failure of the plaintiff eventually to respond to the court's *ultimatum*—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal." (second emphasis added)).

But here, the district court *did not require* Plaintiff to file an amended complaint, nor did the court require in the alternative that Plaintiff file an amended complaint *or* some other specified document. The court's order denying Plaintiff's motion for reconsideration merely granted leave to amend, with permissive text allowing Plaintiff to amend or not: The "plaintiff, *if he chooses* to amend his complaint, [must] file a motion to amend within fourteen (14) days." (Emphasis added.) Later, the court warned, without citation to Rule 41(b), that "failure to file an amended complaint within this time *may* result in dismissal." (Emphasis added.) Given the court's failure to cite Rule 41(b), the permissive wording of its orders, and Plaintiff's desire to obtain appellate review of the Rule 12(b)(6) dismissal as discussed in the

motion for reconsideration, he understandably hoped for a dismissal, which he reasonably thought would be under Rule 12(b)(6).  After all, the district court never ordered Plaintiff to file an amended complaint, as the courts had in *Yourish* or *Ferdik*.  *Leave to amend* was granted; failure to amend did not constitute noncompliance with a court order.  Simply put, there was no "ultimatum" within the meaning of our precedents, and so the district court abused its discretion in dismissing Plaintiff's federal claims under Rule 41(b).

### 3.   *Plaintiff stated a claim for relief.*

In view of the erroneous Rule 41(b) dismissal, I would reach the merits of the district court's dismissal under Rule 12(b)(6).  We review de novo.  *Edwards*, 356 F.3d at 1061, 1065.

The operative complaint contains seven federal law claims, though many of them may be viewed as alternative theories of liability rather than as distinct claims for relief. Each claim rests on the following set of alleged facts.  A state-run psychiatric hospital and numerous individual doctors and state health officials engaged in, or approved of, a practice of "Greyhound therapy," in which patients were involuntarily discharged from the hospital and ordered to board (or tricked into boarding) buses bound for out-of-state destinations.  No arrangements were made for the patients' care in the destination cities, nor were the cities chosen because the patients had ties to them.  Plaintiff was sent to Sacramento, "a city with which he had no prior contact, and where he knew no one."

At the time he was sent to Sacramento, Plaintiff had been in the hospital for only a few days.  He had been admitted

"with a diagnosis of psychosis, hearing voices, and thinking of suicide" and was given various "psychotropic medications which affect thinking and judgment" during his short stay. He was released "without money, identification or Medicaid card" and in a delusional and suicidal state. In short, Plaintiff alleges that a state-run psychiatric hospital decided to ship him to another state—without regard for what kind of care, if any, he might receive upon arrival—rather than to provide him treatment.

It should be plain enough even from this abridged version of the facts that Plaintiff's complaint states a plausible claim for relief under a substantive due process theory. "[T]he state's failure to protect an individual against private violence . . . can [violate the guarantee of due process] where the state action 'affirmatively places the plaintiff in a position of danger,' that is, where state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006) (brackets omitted) (quoting *Wood v. Ostrander*, 879 F.2d 583, 589–90 (9th Cir. 1989)); *see also Pauluk v. Savage*, No. 14-15027, 2016 WL 4698287, at *4–6 (9th Cir. Sept. 8, 2016) (discussing "state-created danger" doctrine).

The district court rejected Plaintiff's substantive due process theory because he made "no allegation that [the] defendants *caused* [him] to be in a dangerous situation. Indeed, before [P]laintiff was admitted to [the hospital] he was homeless and in need of psychiatric care. . . . [T]he complaint makes it very clear that [P]laintiff faced these dangers *prior to* any interaction with [the] defendants." But Plaintiff faced quite different dangers in Sacramento, an unfamiliar city to which he had no ties, than he had faced in

Las Vegas, the city where he resided. And even if Plaintiff faced the same *kinds* of dangers in both places, he has plausibly alleged that Defendants' affirmative acts exposed him to a *greater* danger than he otherwise would have faced, which is sufficient to state a due process claim. *See Kennedy*, 439 F.3d at 1063 n.4 (noting that "this court has already specifically rejected the 'danger creation' versus 'danger enhancement' distinction").

If even one theory supporting a claim for relief is plausible, the claim cannot be dismissed under Rule 12(b)(6).[4] *See Haddock v. Bd. of Dental Exam'rs of Cal.*, 777 F.2d 462, 464 (9th Cir. 1985) (stating that "a complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory"); *see also* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."). Because Plaintiff pleaded a plausible claim for relief on a substantive due process theory, his federal claims should not have been dismissed under Rule 12(b)(6).

For all these reasons, I dissent.

---

[4] By focusing only on one theory I do not mean to suggest that none of Plaintiff's other theories states a claim.